J-S38036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY THOMAS | |
| Appellant | No. 2838 EDA 2015 |

Appeal from the PCRA Order September 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011749-2009
CP-51-CR-0013548-2009

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 06, 2016**

Appellant Anthony Thomas appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 22, 2009, Appellant pled guilty to two counts of robbery[1] and two counts of burglary[2] in connection with two separate attacks on guests at a Marriott Hotel in Philadelphia.  On September 8, 2010, the trial court sentenced Appellant to four consecutive sentences of ten to twenty years' imprisonment, for an aggregate sentence of forty to eighty years'

---

[1] 18 Pa.C.S § 3701(a)(1)(ii).

[2] 18 Pa.C.S § 3502(a)(1).

imprisonment. This Court affirmed the judgment of sentence on August 2, 2012.

On October 23, 2012, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on February 7, 2014. On February 13, 2015, the Commonwealth filed a motion to dismiss the PCRA petition. On August 7, 2015, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On September 4, 2015, the court dismissed the petition.

On September 15, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following question on appeal:

> I. Should [A]ppellant be allowed to withdraw his guilty plea in this case because the trial court failed to conduct the necessary colloquy to determine that [A]ppellant's guilty plea was knowing intelligent, and voluntary because the trial court did not explain to [A]ppellant the elements of the crimes to which [A]ppellant was pleading guilty, did not inform [A]ppellant of the maximum punishments allowable, did not ask [A]ppellant if he was promised anything or threatened in any way to plead guilty, [A]ppellant was not asked about his medical or mental state at the time of the plea and was not asked by the trial court if he, [A]ppellant signed, read or understood the written guilty plea colloquy and because [Appellant] was completely denied counsel at the guilty plea hearing?

Appellant's Brief at 2.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

Appellant alleges the trial court erred because it failed to conduct a proper colloquy prior to accepting Appellant's guilty plea and alleges plea counsel provided ineffective assistance of counsel at the guilty plea hearing.

To be eligible for PCRA relief, a "petitioner must plead and prove by a preponderance of the evidence" that the claims of error have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3); ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa.2011). An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b). Appellant could have raised a claim that his guilty plea was unknowing and involuntary, and that the trial court erred in connection with the guilty plea, on direct appeal. Appellant, therefore, waived his trial court error claim.

Appellant also alleges an ineffective assistance of counsel claim in connection with the guilty plea. This claim fails.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered

actual prejudice as a result." ***Spotz***, 84 A.3d at 311 (quoting ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa.2010)). To establish the prejudice prong where an appellant has entered a guilty plea, "the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" ***Commonwealth v. Timchak***, 69 A.3d 765, 770 (Pa.Super.2013) (quoting ***Commonwealth v. Rathfon***, 899 A.2d 365, 370 (Pa.Super.2006)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Ousley***, 21 A.3d at 1244 (quoting ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." ***Id.*** (quoting ***Rivera***, 10 A.3d at 1279).

Here, the PCRA court found the underlying claim lacked merit and found Appellant failed to establish he suffered prejudice due to any alleged ineffectiveness.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth v. Willis***, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." ***Id.*** at 1002 (quoting ***Commonwealth v. Lewis***, 708 A.2d

497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)). Under Pennsylvania Rule of Criminal Procedure 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) he is giving up his right to the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. *Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa.Super.2014) (citing *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super.2003)). "The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." *Id.* (citing *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa.Super.2002)). Further, "where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super.2005) (citing *Commonwealth v. Schultz*, 477 A.2d 1328 (Pa.1984)).

As to the underlying claim that Appellant did not enter a knowing and voluntary guilty plea, the PCRA court found:

> Contrary to [Appellant's] claims, a written guilty plea colloquy describing all of the necessary factors was executed and signed by [Appellant] and [t]rial [c]ounsel on 12/22/09. This written colloquy has various checks and circles that imply it was reviewed with [Appellant] at some point. [The trial] court also asked [Appellant] whether he had discussed the case with his attorney, whether [Appellant] was satisfied with his attorney, and if [Appellant] had resolved any questions for his attorney. N.T. 12/22/09, 4. [Appellant] responded affirmatively to each of these questions. [The trial c]ourt therefore had good reason to rely on the written colloquy. Additionally, [the trial c]ourt, in an abundance of caution, did ask a range of questions designed to gauge competence and the presence or absence of coercion. N.T. 12/22/09, 4-5. The Assistant District Attorney ("ADA") then laid out the allegations in the Affidavits of Probable Cause, separating facts into the appropriate elements for each charge, and pausing to allow [Appellant] to plead guilty to each charge after the relevant factual background in those affidavits were read. The Affidavit of Probable Cause has been deemed a valid factual basis for accepting a guilty plea in Pennsylvania. *[Commonwealth] v. Nelson*, [317 A.2d 228, 229 (Pa.1974)].
>
> Having been informed that this conduct was the basis of the charges against him, [Appellant] tendered a guilty plea and thereby admitted that he had in fact committed the offense. *[Commonwealth] v. Schultz*, [477 A.2d 1328, 1331 (Pa.1984)]. Standing alone, the written colloquy and on record colloquy each provide the quantum of information required for [Appellant] to understand the charges against him and their basis in both law and fact. [Appellant] has also [pled] guilty to [r]obbery in the past, so he must have had some pre-existing knowledge of the nature of the charges. While the on-record colloquy does not directly address statutory maximums (rather, it confirms that [t]rial [c]ounsel reviewed the information with the [Appellant]), "it is fatuous for appellant to suggest now that he was unaware of the nature of the charges

brought against him merely because the trial court failed to fully re-explain each and every element of the charges during his second colloquy. . . . Under the totality of the circumstances, it is clear that appellant was well aware of the nature of the charges to which he plead guilty." ***[Commonwealth] v. Iseley***, [615 A.2d 408, 416 (Pa.Super.1992)].

1925(a) Opinion, 12/9/2015, at 5-6. The trial court's determination that the underlying claim lacked merit is supported by the record and free of legal error.

The trial court further found that Appellant failed to establish he suffered prejudice due to any alleged ineffectiveness. 1925(a) Opinion, 12/9/2015, at 4. This finding also is supported by the record and free of legal error, as Appellant makes no showing that he would have pled not guilty and proceeded to trial. ***See Commonwealth v. Timchak***, 69 A.3d 765, 770 (Pa.Super.2013).[3]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

_____

[3] The PCRA court also found Appellant failed to establish counsel did not have a reasonable basis for his failure to challenge the plea because counsel was not expected to preserve a meritless claim. 1925(a) Opinion, 12/9/2015, at 6.